FRANKLIN INSURANCE COMPANY V. MRS. SWEETIE
VILLENEUVE.

Decided February 27. 1901.

1.—Life Insurance—False Representations—Incontestable Policy.

A life insurance policy containing the clause, "If the terms of this contract be complied with, it shall be incontestable after one year from its date," was not, after the expiration of that time, rendered void by the fact that the insured in his application had made false statements as to his habits of temperance and previous applications for insurance, and had warranted their truth.

2.—Same—Compromise—Fraud.

The effect of the "incontestable" clause in such policy upon its avoidance by false warranties in the application was not so clear as to make the statement of an agent of the insurance company to the beneficiary that the policy was avoided by their falsity, whereby a compromise of the claim with the beneficiary was effected, other than a mere opinion of the agent, which he might have honestly held, as to matter of law, upon which, as he occupied an adverse and not a fiduciary relation, the beneficiary had no right to rely, and which was not sufficient to avoid the compromise for fraud.

3.—Same—Consideration.

Unless the contention that the policy was void was made in good faith, the settlement, by payment of a less sum for a liquidated obligation, was without consideration as a release of the balance of the debt, and the question of its validity, dependent on such good faith, should have been left to the jury.

4.—Insurance—Penalty for Refusal to Pay—Interstate Law.

The statute providing a penalty of 12 per cent, etc., for refusal by a life insurance company to pay the amount of the policy (Revised Statutes, article 3071) applies to policies issued by all such companies permitted to do business in the State, though the policy be made payable at the home office in another State which has no such law.

5.—Same—Partial Payment.

Where part of the amount insured has been paid before suit the penalty provided (Revised Statutes, article 3071) should be 12 per cent on the balance unpaid and reasonable attorney's fees thereon.

Appeal from Travis, Fifty-third District. Tried below before Hon. F. G. Morris.

Fiset & Miller, for appellant.

Hogg & Robertson, for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Mrs. Villeneuve against the appellant on a policy of insurance issued on the life of her husband for the sum of $5000. It is admitted that $3900 was paid her by the insurance company on the policy. The suit is for a balance due of $1100, for which she asks judgment, together with 12 per cent penalty and reasonable attorney's fees allowed by the statutes of this State.

The appellant in its answer pleaded that it had paid the plaintiff $3900 as a compromise and settlement in full of her demand against the company, for which she executed her receipt releasing the company from further liability. Also that the policy was void by breach of cer-

tain warranties contained therein, wherein the assured in effect represented that he had never procured or applied for a policy of life insurance in any other company and been refused or rejected; and that he represented that he was of temperate habits and did not use intoxicating drinks to excess. These representations are alleged to be false, wherefore it is claimed that the policy was void.

In response to the claim for the penalty and attorney's fees the company pleaded that the contract of insurance was to be performed in the State of Illinois, where the company had its home office, and that there was no statute of that State authorizing the recovery of the 12 per cent penalty and attorney's fees.

In response to this defense, the appellee sought to avoid the settlement and compromise on the ground that the settlement and the receipt executed therefor was procured by reason of the fraudulent representations of the agent of the company who negotiated with her the compromise, the allegations of fraud being to the effect that she was induced to make the settlement and execute the receipt by reason of representations made by the agent that the policy was void, in that her husband had made false statements as to his habits of drinking intoxicating liquors, and as to his not making efforts to obtain insurance in other companies. It is alleged that the policy was not void, by reason of the fact that it contained a provision which made it incontestable one year after its date; that her husband did not die within the one year from its date; and in substance it was alleged that this provision was, in effect, in force when the representations were made by the agent of the company; that the agent knew that the policy contained the incontestable clause, and knew that the statements made by him at the time were not true, and that they were falsely made for the purpose of procuring the compromise settlement; that she relied upon the representations and believed them true when she accepted the $3900 in payment in full; that she had not read the policy and did not know that it contained the clause making it incontestable. She further sought to avoid the settlement on the ground that it was without consideration; that the acceptance of a less amount than the whole amount due was not based upon any new consideration, and was therefore not an accord and satisfaction of the new policy.

The court in trying the case submitted to the jury only the issue of fraud in procuring the compromise settlement. Verdict thereon was rendered in favor of the appellee for $1100. The court sustained demurrers to that branch of the plaintiff's case which sought to set aside the settlement on the ground of want of consideration, and held that the statutes of this State allowing the recovery of the penalty were not applicable, as the laws of Illinois applied to the execution and performance of the contract sued upon.

We find the following facts: That on the 29th day of March, 1898, the appellant issued the policy sued upon, for the sum of $5000, on the life of Celestin Villeneuve, payable to his wife, Mrs. Sweetie Villeneuve,

as beneficiary. He died on May 12, 1899, and satisfactory proof thereof was made by the appellee and received by the appellant. As a part of the contract of insurance, the assured represented and stated in effect that he was a man of temperate habits, and that he had not applied for insurance upon his life in other companies and been rejected. These statements were warranted to be true, and in the event they were false it was agreed that the policy should become void. We find that the statement concerning the application for insurance in other companies was false, and, but for the following provision contained in the policy, this false statement would have rendered the entire policy void: "If the terms of this contract be complied with, it shall be incontestable after one year from its date."

The compromise settlement pleaded by appellant was made October 6, 1899, upon which occasion the appellee executed the following receipt and release:

"Dated at Austin, Texas, Oct. 6, 1899.
"Received of the Franklin Life Association, of Springfield, Ill., four thousand dollars in full of all claims under and to the within certificate of membership number 21,969, on the life of the late Celestin Villeneuve, and hereby surrender all my right, title and interest under and to the same, and releasing said association from all liability; also warranting and defending said payment against any and all claimants whatsoever.
                            "MRS. SWEETIE VILLENEUVE.  [Seal.]
"Attest before:  W. W. Harris, H. Clausen."

The receipt states that she received the sum of $4000 from the appellant as settlement in full of the entire policy, but we find, as a matter of fact, that she only received the sum of $3900. The compromise settlement was made and this receipt was executed by the appellee based upon the representations made by the agent of the company, who then and there had the power and authority to represent the company in negotiating the settlement, to the effect that the entire policy was void by reason of the fact that her deceased husband had made false statements, as above set out, concerning his habits of temperance and not making an effort to procure a policy in other companies. At the time these representations were made the agent of appellant knew that the policy contained the incontestable clause as above set out. He, at the time, was representing the company and occupied towards the appellee no confidential or fiduciary relationship. The appellee, at the time these representations were made and the settlement effected, relied upon these representations and believed they were true, and had no actual knowledge that the policy contained the incontestable clause.

We also find that the home office of the insurance company is in the State of Illinois, and that there is a provision of the contract that makes the policy payable there, and that there is no statute of that State similar

to ours allowing the recovery of the penalty and attorney's fees sued for by the appellee in this case. We further find, from statements contained in the application for the policy and from indorsements on the policy, that it was issued to Celestin Villeneuve, a resident of Austin, Texas. These are all of the facts upon which we deem it necessary to make any finding.

Appellant's first assignment of error is to the effect that, as to the issue of fraud, the court, after being so requested, erred in not peremptorily instructing the jury to return a verdict in its favor. In our opinion, in view of the evidence and findings of facts upon this subject, this assignment is well taken. The representations of the agent of the appellant to the effect that the policy was void could be regarded as nothing more than his opinion as to the legal effect of the policy. The fact upon which he based that opinion was true, that is, that the assured had been rejected by another insurance company, and, but for the incontestable clause, would have rendered the policy void. The agent stated to the appellee that the false statements made by the husband were the facts that rendered the policy void. The agent having told the truth about the falsity of the statements made by the husband, brings the question to the point as to what effect these false statements would have upon the life of the policy, and what construction would the law place upon the policy, and what effect should be given to it when applied to the facts. He made no statement as to the contents of the policy to the effect that it did or did not contain any particular clause; nor were his statements of such a character as to lull an inquiry by her into its contents. The broad statement was made that the policy was void, based upon facts found to be true, which would have avoided it but for the construction and effect that the law gives to the incontestable clause. His statement that the policy was void was simply the expression of his opinion as to its legal effect, which she was not justified in relying upon, as it came from her adversary and from one who occupied towards her no confidential or fiduciary relationship.

The incontestable clause which the policy contains, and which kept it alive and relieved it from the force and effect of the false statement made by the assured, is not clear in its terms and its meaning is somewhat doubtful; but it was in effect construed by the trial court to mean that it rendered the policy incontestable on the ground upon which it is assailed by the appellant. This construction was evidently based upon the well known rule, which is established in this State, to the effect that where the meaning of a clause in a policy is doubtful and uncertain, if susceptible of a construction that will preserve the life of the policy, it will be given that effect; and for this reason we think that the trial court was correct in the construction placed upon this provision of the policy. But is was a subject upon which the agent of the insurance company might well entertain a doubt, and he might have honestly entertained the opinion that he gave. He did not, at the time that these representations were made, occupy towards the appellee any fidu-

·ciary relationship, but he was representing his company, whose interest was antagonistic to that of the beneficiary.

In the absence of the existence of facts from which a fiduciary relationship would spring or of a nature reasonably calculated to excite the confidence of one as to the statements and representations of another concerning expressions of opinion relative to legal questions, authoritative instances can not be found in which a court of equity has granted relief from engagements entered into based upon such expressions of opinion. Expressions of opinion concerning a matter of law or the. legal effect of a transaction have been the basis for relief extended in many instances, but in all of the well considered cases upon this subject that we have examined it has been found that the circumstances and the situation of the parties were such in their relationship towards each other as would justify one in relying upon the opinion of the other. Nothing of this character can be found to exist in this case.

But for the cross-assignments of errors presented by appellee we would reverse and render judgment here in favor of the appellant. One of these assignments is to the effect that the court erred in not retaining in the case the issue as to whether or not there was any consideration for the compromise settlement, and in not submitting that issue to the jury. We think this assignment is well taken, and the court should have submitted to the jury the question raised. When a claim is based upon a liquidated demand, and the amount due is definite and certain, and there exists no grounds for a bona fide dispute or controversy as to the legality of the claim or the amount due, acceptance and payment of less than the entire sum, in the absence of some new consideration, is not an entire accord and satisfaction, and a receipt or release in full of the balance due is without consideration. Fire Insurance Assn. v. Wickham, 141 U. S., 577; Fitch v. Sutton, 5 East., 230; Cumber v. Wayne, 1 Smith Lead. Cas., 607, and notes. But if the one who is sought to be held liable in good faith urges a defense which he believes to be substantial, and which he claims will defeat the demand in whole or in part, and in good faith raises a controversy and dispute as to his liability, a settlement and compromise of the demand based upon such contention will not be disturbed. United States v. Child, 12 Wall., 245; Farmers Bank v. Blair, 44 Barb., 653; Boffinger v. Tuyes, 120 U. S., 198. The rule upon this subject which we approve is fully discussed in Farmers Bank v. Blair, supra. On the other hand, if the contention is not in good faith, but is simulated for the purpose of forcing a compromise or of escaping liability for the entire amount due, he will be held liable for the full amount of the claim, and the release or receipt will not operate to defeat recovery. In such a case the test is, not whether the defendant was correct in his contention in that he really had a legal or equitable defense to the claim in whole or in part, but consists in the fact that he in good faith urged or asserted a defense which he really believed was substantial. 44 Barb., supra. This being true, the question becomes one of fact to be submitted to the jury

whether the dispute was urged in good faith or was simulated for the purpose of escaping liability in whole or in part.

This view leads to the conclusion that the trial court erred in refusing to retain this issue in the case, and in not submitting it to the jury.

If the jury should find in favor of the appellee on the issue just discussed, then we are of the opinion that the statutes of this State which authorize the recovery of the 12 per cent penalty and reasonable attorney's fees should be given application. The 12 per cent so sought to be recovered should not extend to the entire amount of the policy, but should be only upon that part of it that was not paid. In our opinion, it was evidently the purpose of the statute that confers this right to apply to all insurance companies that are permitted to enter this State and do business here which would be liable and subject to be sued here upon their contracts of insurance. A foreign insurance company entering this State for the purpose of doing business and subjecting itself to the jurisdiction of the courts here, would stand in the same attitude as a domestic concern, and the provisions of the law that apply to one would equally apply to the other. When it obtained a permit to do business here and entered the State for that purpose it impliedly accepted the provisions of the law that related to the liability of insurance companies. This subject is fully discussed in the cases of Life Association v. Yoakum, 98 Federal Reporter, 251, and Cravens v. Life Insurance Company, 50 Southwestern Reporter, 519; especially in the latter case, and without a further extended discussion of this question, we approve of the reasons given by the court in the last case cited.

Our views upon this subject may be also maintained upon what is said by the Supreme Court of the United States in the recent case of the Waters Pierce Oil Company v. State of Texas.

Although we are of the opinion that the trial court should have peremptorily instructed the jury to return a verdict in appellant's favor on the issue of fraud, still we leave that question open to be disposed of by the trial court in another trial, if there should be one, of the case, with the instruction, however, that if the evidence should upon the issue of fraud be substantially the same as that now contained in the record, to instruct the jury in favor of appellant as to this issue.

As to the other branch of the case, that is, the failure of the court to submit the issue that attacks the compromise settlement on the ground that it was without consideration and for failure to apply the statutes of this State with reference to the penalty and attorney's fees, the judgment will be reversed and the cause remanded. The costs of this appeal will be taxed against the appellee.

*Judgment reversed and cause remanded.*