## G. C. LAUGHMAN ET AL. v. SUN PIPE LINE COMPANY.

Decided December 5, 1908.

**1.—Trial—Refusal of Defective Charge.**

When a requested charge instructs a verdict for the plaintiff upon a favorable finding upon one issue alone and entirely ignores other issues affecting plaintiff's right to recover, the charge is defective and should be refused by the trial court.

**2.—Same—Appeal—Assignment of Error.**

When an assignment of error is based solely upon a refusal of the trial court to give a requested charge, which charge was defective as requested, the Appellate Court may consider only the precise question presented by the assignment and overrule the same although the issue presented by the requested charge was entirely omitted in the main charge and should have been submitted.

**3.—Charge—Omitted Issue—Harmless Error.**

A failure to charge upon an issue presented by the pleading and evidence becomes harmless when the verdict of the jury against the appellant on the issues submitted necessarily included a finding against him on the omitted issue.

**4.—Trial—Charge—Failure to Submit Issue—Effect upon Jury.**

A failure of the trial court to submit to the jury one of two issues presented by plaintiff's pleading and evidence does not necessarily have the effect of discrediting plaintiff's evidence upon the other issue which is submitted, or of intimating to the jury the opinion of the court as to the sufficiency of the evidence upon the issue submitted.

**5.—Controversy—Compromise—Consideration.**

Where a party to a contract contends in good faith that he has fully complied with the same and denies any further liability thereunder, but afterwards by agreement with the other party and for the purpose of settling the controversy, pays only a part of amount demanded by the other party, the settlement is binding and cannot be attacked on the ground that there was no sufficient consideration for the settlement.

Appeal from the District Court of Jefferson County.   Tried below before Hon. W. H. Pope.

*Watts & Wheat* and *Fleming & Fleming,* for appellant.—The court erred in not instructing the jury on all of the issues raised by the pleadings, as shown by special charge requested, in that the charge given totally failed to instruct the jury on the issues as to whether or not there was more than five miles of pipe purchased by the original plaintiff, G. C. Laughman, of the defendant.   Hoefling v. Dobbin, 91 Texas, 210; Jones v. Parker, 42 S. W., 123; Smithwick v. Andrews, 24 Texas, 488; Western U. Tel. Co. v. Andrews, 78 Texas, 305; Gulf, C. & S. F. Ry. Co. v. Hodges, 76 Texas, 90; International & G. N. Ry. Co. v. Phillips, 63 Texas, 590; Burke v. Holmes, 68 S. W., 52.

The court erred in giving that part of the charge wherein it submitted the question of whether or not the defendant had sold to the plaintiff the five miles of pipe in question, in that the said charge so given was

indirectly on the weight of the evidence, in this, that it reflected the opinion of the court as to the weight and credibility of the evidence of the plaintiff to sustain the plaintiff's contract as for even the five miles of pipe on which the court did charge. Gulf, C. & S. F. Ry. v. Pettis, 69 Texas, 689. .

The issue having been raised by the plaintiffs that the agreement set up by appellee, that in consideration of appellee delivering to the said G. C. Laughman 3,430 feet of pipe, that the said G. C. Laughman, original plaintiff, agreed to release appellee, and the same having been denied by the appellants with the further allegation that if said agreement was made, that appellants were only accepting from the appellee a part of what the appellee was already legally bound to perform, should have been charged as requested by appellants in order that appellants would have had the benefit of an affirmative presentation of its theory in reply to appellee's plea that the original contract, if any made, was compromised.

. *Greer, Minor & Miller,* for appellee.

REESE, ASSOCIATE JUSTICE.—This suit was instituted by G. C. Laughman to recover of the Sun Pipe Line Company damages for the breach of a contract of sale of certain iron pipe, alleged by plaintiff to have been sold by defendant to him, which defendant refused to deliver. It was alleged that the sale was of five miles of such pipe, which defendant contemplated taking up out of its pipe line, and also of whatever additional pipe defendant might take up over and above the five miles, which it is alleged amounted to an additional five miles. The pipe was to be tested at 150 pounds pressure, and was to be delivered at Spindle Top, for which appellant was to pay 20 cents per foot. It is further alleged that only 3775 feet of tested pipe was delivered and in addition 2001 feet which was not tested. Plaintiff sues for the difference between the contract price and the market value of such pipe, alleged to be 20 cents per foot.

Defendant answered by general demurrer, general denial, and specially pleaded that on March 25, 1906, it sold to plaintiff 1826 feet of pipe at 20 cents per foot, which was delivered on April 5, 1906; that on April 20, it sold to him two lots containing 430 feet and 150 feet, and on April 25, 430 feet, all of which was delivered, but, it is alleged, in each instance there was a separate contract of sale. Defendant denies specifically making any other contract of sale of pipe.

The answer further sets up that, the contract being asserted by plaintiff Laughman and denied by defendant, the matter was settled by defendant agreeing to let plaintiff have 3430 feet of pipe at the said price of 20 cents per foot, upon plaintiff's claim that he had contracted to sell and deliver that much in reliance upon what he claimed to be the contract between defendant and himself; that defendant did deliver said 3430 feet of pipe which was taken as a full settlement and compromise of the conflicting claims with regard to the contract, and a full accord and satisfaction.

By supplemental petition plaintiff denied the compromise and settlement.

Plaintiff having died pending the suit, his widow and heirs substituted themselves as parties plaintiff.

The evidence was conflicting both as to the making of the contract and the matters pleaded as an accord and satisfaction.

Upon trial with a jury there was a verdict and judgment for defendant, and plaintiffs appeal.

The first assignment of error, when taken in connection with the single proposition under it, presents the question of the refusal of the court to give a charge requested by appellants upon the issue of a contract for the additional pipe over and above the five miles, specifically mentioned. The charge of the court submitted only the issue as to a contract for the sale of five miles of pipe. Appellants requested a charge as to the contract for the additional pipe, instructing the jury to find for plaintiffs if they found that such contract was made. This charge could not have been given as asked without ignoring the defense of accord and satisfaction, which was a complete defense to the contract, that for the five miles and for the excess also, if established by the evidence, and upon which the evidence was amply sufficient to authorize a finding in favor of appellee's plea. The court did not err in refusing to give the charge as requested. Although the court entirely omitted to charge upon the issue of the contract for the excess, limiting the charge to the five miles, we might, upon the authority of Harry v. El Paso El. Co. 37 Texas Civ. App., 90; and Metcalfe v. Lowenstein, 35 Texas Civ. App., 619, decided by the Court of Civil Appeals of the Fourth District, and several times approved and followed by this court, overrule the assignment as presenting the sole question of the refusal to give the defective charge. If, however, the assignment is treated as presenting the question of the failure of the court to charge upon an issue presented by the pleadings and evidence when its attention is called to the omission by a requested charge, which, although incorrect, is sufficient to call the court's attention to the omission, we are constrained to hold that upon the whole case as presented, while such omission was error, the error was harmless and does not require a reversal of the judgment. Our reasons for such conclusion are as follows:

Appellant declared on a contract made on or about March 25, 1906, for the sale by appellee to him of five miles of the pipe and also a contract made on or about that time for the sale of all of the pipe taken up, in excess of five miles. The allegations of the petition as to this latter contract are rather indefinite both as to the offer and the acceptance, but we think they were sufficient to present the issue. The evidence introduced and relied upon by appellants, to wit, the testimony of G. C. Laughman himself and one Babcock, was clear and positive that one single contract was made which embraced all the pipe taken up, that is, the five miles and the excess. Laughman testified that he said to Pew, appellee's representative, "I will take the five miles of pipe, or will take all the pipe; 6-inch pipe; that you will deliver to me at your plant at Spindle Top tested at 150 pounds pressure at 20 cents per foot," to which Pew replied, "I accept that proposition." Laughman asked him when he could deliver it. Pew said, "I can begin delivering at once; I think I can deliver you two or three carloads this week." Babcock corroborated this conversation substantially. This was the con-

tract and the only contract, as shown by appellant's testimony; in substance a single contract for the purchase and sale of all the pipe taken up by appellée, only speaking of it as five miles and in addition all in excess of that amount, nevertheless a single contract for the whole, asserted by appellants and denied by appellee, whose witness, Pew, testified that there was no contract at all of any character except specific and independent contracts for the sale of the different lots that were actually delivered. In like manner, the only testimony in regard to the facts pleaded as an accord and satisfaction showed either a complete accord and satisfaction of the entire contract as claimed by Laughman, or no accord and satisfaction of any part of it.

The verdict of the jury, under the evidence and the charge of the court, could only have been predicated upon a finding either that no contract for the five miles had ever been made, as testified by Pew, or that, if there had been, the whole matter had been compromised and settled as testified by him. Upon the evidence the jury could not, except in the sense that they had the physical power to write and return such a verdict, have found that there was no contract for the five miles of pipe, but there was a contract for the excess over five miles. Such a verdict is inconceivable from reasonable men, in view of the evidence which showed either one single contract for the whole or no contract for any. For the same reason it is inconceivable that the jury would have found, upon the issue of accord and satisfaction, that this was a settlement of the dispute as to the five miles of pipe, but not a settlement as to the excess. No such result could have been gotten by any process of reasoning out of the evidence. So that if the court had submitted the issue as to the excess of pipe over five miles, it is inconceivable that the jury would have found for appellants upon either the issue of contract, or of accord and satisfaction, as to the excess over five miles, and for appellee as they did do, as to the five miles. (Smith v. Trader's Nat. Bank, 74 Texas, 465; Jones v. Ford, 60 Texas, 131.)

We do not claim that the authorities above cited are directly in point, but we think they tend to support the general principle that a failure to charge upon an issue presented by the pleadings and evidence would be harmless where a verdict of the jury against appellants upon the issues submitted necessarily includes a finding against them upon the omitted issues, as the question is here presented. The first assignment of error is therefore overruled.

It is contended by the second assignment that the failure of the court to submit the issue as to the excess of pipe over five miles so discredited appellants' evidence as to the contract as to induce the jury to find against them as to the issues submitted, and so was upon the weight of the evidence. There is no merit in the assignment, but it lends force to what has been said, that the jury could not have found for the appellants upon the omitted issue in view of their findings upon the submitted issues. Appellants' contention is that the failure to submit the issue as to the excess was a reflection of the court's view that there was not sufficient evidence to support this issue, and carried with it an intimation that the evidence would not authorize a finding in favor of appellants as to the five miles of pipe, the only possible reason for such conclusion being that there was in fact only one contract.

The third assignment of error can not be sustained. The evidence showed a dispute between Pew, appellee's manager, and Laughman as to the existence of any contract at all, Pew stoutly asserting that he had never heard of any such contract until the day the compromise was made. The court properly submitted to the jury the issue as to whether this denial was made by Pew in good faith. There can be no doubt, from the evidence, that it was. In this state of the minds of the respective parties, according to Pew's testimony, it was agreed that as a settlement of the dispute Pew would deliver such pipe as Laughman had contracted to sell, at the price contended for by Laughman, and that this should be a full and final settlement of Laughman's claim, which was agreed to by Laughman, and upon this agreement Pew delivered the agreed amount of pipe, which he was in no way obligated to do, if his contention as to the contract was true. This afforded a sufficient consideration for the contract, and it does not matter if, in fact, Pew's contention was unfounded. It needs only that he acted in good faith in denying all liability. (Hunter v. Lanius, 82 Texas, 685; Little v. Allen, 56 Texas, 138; Berdell v. Bissell, 6 Colo., 162; note to Fuller v. Kemp, 20 L. R. A., 795.) The court did not err in refusing the charge set out in the third assignment of error.

There is no merit in the fourth assignment. The testimony as to the settlement tended to show that the price for the pipe then agreed to be delivered by appellee was fixed at 20 cents per foot. Pew testified that he agreed to deliver the pipe at Round Lake at 20 cents per foot, and the memorandum made at the time by Pew and, according to his testimony, assented to by Laughman, so distinctly specifies.

We find no error in the record requiring a reversal. The judgment is affirmed.

*Affirmed.*