## P. W. & C. M. HUNT v. ALFRED OGDEN.

Decided January 8, 1910.

**Accord and Satisfaction—Acceptance of Less than Claim.**

Where there is a bona fide controversy as to liability, and there is an acceptance of a sum less than the entire amount of the demand which is tendered upon the express condition that it shall be received in full liquidation, it is binding upon the creditor. Evidence reviewed and held to support a finding that the acceptance of a check in full of all dues and damages to date was an accord and satisfaction.

Appeal from the District Court of Childress County. Tried below before Hon. S. P. Huff.

*Fires & Diggs,* for appellant.

*Jos. H. Aynesworth,* for appellee.

CONNER, CHIEF JUSTICE.—Appellants assign error to an adverse judgment in a suit instituted by them against appellee for the recovery of commissions as brokers on the sale of certain lands. It was alleged that appellee was the owner of a large body of ranch lands for the sale of which appellants were given an exclusive agency; that the contract of exclusive agency had been breached on appellee's part by permitting one Mowery and one Evans to sell certain portions of

the lands owned by appellee for which appellants had secured purchasers and were hence entitled to the agreed commissions of five percent amounting to one thousand nine hundred and sixty-seven dollars and twenty-two cents. Appellee answered by a general denial, and a plea of accord and satisfaction in that the plaintiffs had accepted and received two checks from defendant upon which was written "in full settlement to date" and "in full for all dues and demands to date."

Appellants' principal assignments of error question the sufficiency of the evidence to sustain the verdict in appellee's favor, but we think they must be overruled. There was evidence tending to show that there were numerous transactions between appellants and appellee; that appellee paid appellants from time to time several sums in settlement of their claims for commissions, and, in some instances, expenses, but that appellee denied liability altogether for commissions on certain tracts of land that had been sold by the parties named. That pending such controversy, appellee sent to the appellants about January 31, 1908, a check for two hundred and ninety-six dollars and fifteen cents, upon which was written "in full settlement to date;" that on the 28th day of May, 1908, appellee wrote to appellants a letter inclosing a check for the sum of two hundred and sixteen dollars and forty-five cents; that this check had written thereon "in full for all dues and demands to date," and the letter contained this statement, viz.: "I enclose settlement which is in fact more than I owe, but I will concede what it seems to me I should not concede for the sake of a peaceable settlement. Check is for $216.45, being in full for all dues and demands to date, and to be so accepted by you and your father. Yours truly, Alfred Ogden." It is undisputed that appellants accepted and cashed both of the checks above named, in view of which, we think, it must be held that appellee's plea of accord and satisfaction is sustained.

While it may be true that where a claim is uncontroverted and liquidated, the acceptance of less than the whole will not be satisfaction, yet where, as here, there is a *bona fide* controversy as to liability and there is an acceptance of a sum, less than the entire amount of the demand, which is tendered upon the express condition that it shall be received in full liquidation, the authorities treat it as binding.

In Fuller v. Kemp (N. Y.), 20 L. R. A. 809, the plaintiff had rendered his bill for the sum of six hundred and seventy dollars, and the defendant sent him four hundred dollars, saying that it was in full. The plaintiff received the letter and check and cashed the latter and again wrote him concerning the account asking for the balance due. The defendant then wrote him and called his attention to the condition of the check and requested the plaintiff to "either keep the money on the condition named or return it to him by first mail." To this letter plaintiff made no reply, but kept the amount of the check and after the expiration of nearly a year brought a suit. The court held that the plaintiff could not recover, saying, among other things, that "To constitute accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a

condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such condition. When a tender or offer is thus made, the party to whom it is made has no alternative but to refuse it, or accept it upon such conditions. If he takes it, his claim is canceled, and no protest, declaration or denial of his, so long as the condition is insisted upon, can vary the result." See also Shelton v. Jackson, 20 Texas Civ. App., 443 (49 S. W., 415) ; Rotan Grocery Company v. Noble, 36 Texas Civ. App., 226 (81 S. W., 583).

The contract of exclusive agency expired by its terms on January 1, 1908. On December 27, 1907, however, appellee renewed the contract of exclusive agency, and error is assigned to the action of the court in permitting appellee to testify that in signing the renewal contract "he made it a condition that the sales of land made by J. H. Mowery should be excepted, and that no claim should be made by plaintiffs on commissions on the Mowery sales, and that the contract was renewed under the understanding that no claim should be made for the Mowery sales." This was objected to because not pleaded; but the trial was before the court without a jury; and, besides, we think the evidence was admissible as tending to show the fact of dispute and the grounds upon which appellee denied liability for the commissions on the Mowery sales. If the controversy was *bona fide* and appellee denied liability in good faith and appellants thereafter accepted the checks as stated upon the conditions tendered, it amounted, as we have held, to an accord and satisfaction, regardless of whether in truth the evidence objected to justified an inference that the Mowery claims had been extinguished by the agreement to extend, and the record does not indicate that the judgment in appellee's favor was based upon any ground other than that of accord and satisfaction, which was pleaded.

We conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.