## BUFORD v. INGE CONST. CO. (No. 9426.)

(Court of Civil Appeals of Texas. Dallas. Nov. 28, 1925.)

1. **Appeal and error** ⬅️1010(1)—**Trial court's findings, supported by evidence, binding on appellate court.**

Findings of trial court on issue whether work was performed on an unqualified cost plus plan or not, being clearly supported by the evidence, must be accepted by appellate court as an established fact.

2. **Accord and satisfaction** ⬅️1—**Compromise and settlement** ⬅️2—**"Accord and satisfaction" applies to completed transaction, and constitutes bar to action on original contract.**

An agreement between two parties, to give and accept something of value in satisfaction of a right of action, which one has against the other, is an "accord," and execution of agreement is a "satisfaction," and term "accord and satisfaction" applies to completed transaction, and constitutes bar to action on original contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord; Accord and Satisfaction; Satisfaction—Satisfy.]

3. **Accord and satisfaction** ⬅️10(1)—**Compromise and settlement** ⬅️6(2)—**Conditions necessary before payment by debtor of less sum than creditor's claim bar to action by creditor for balance stated.**

Before a payment by debtor of less sum than claim of creditor will bar action, though made on agreement that it be in full satisfaction, demand must have been unliquidated, or, if liquidated, there must have been bona fide dispute as to its amount.

4. **Accord and satisfaction** ⬅️26(3)—**Compromise and settlement** ⬅️23(3)—**Evidence held to show that debtor's dispute as to amount of creditor's claim made in good faith.**

Evidence on issue of accord and satisfaction *held* to show that defendant's dispute as to amount of claim on building contract was made in good faith.

5. **Accord and satisfaction** ⬅️11(2)—**Compromise and settlement** ⬅️5(2)—**Acceptance of check in less sum than amount of claim held to have constituted an accord and satisfaction.**

Where debtor sent creditor a check, with indorsement thereon that its indorsement would constitute acceptance in full settlement, accompanied by letter stating that, if amount was not satisfactory, matter would have to be arbitrated, *held* that acceptance and cashing of check constituted accord and satisfaction.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
279 S.W.—33

Appeal from Dallas County Court, at Law; Payne L. Bush, Judge.

Action by the Inge Construction Company against J. E. Buford. Judgment for plaintiff, and defendant appeals. · Reversed and rendered.

Thompson, Knight, Baker & Harris and J. H. Ranson, all of Dallas, for appellant.

Etheridge, McCormick & Bromberg, S. M. Leftwick, and G. W. Schmucker, all of Dallas, for appellee.

JONES, C. J. Appellee, Inge Construction Company, a corporation, recovered judgment in the county court of Dallas county at law No. 2, against appellee in the sum of $340.10, from which judgment appellant has duly perfected his appeal.

Appellee is engaged in the business of a building contractor, and maintains its office in the city of Dallas. Cedric Burgher is the vice president and manager of appellee. Appellant conducts a business college in the city of Dallas. At the time under inquiry, appellee was constructing a building on Main street in the city of Dallas as a contractor, and appellant had arranged to occupy a portion of said building in which to conduct his business college. Certain work required to adapt this space for appellant's purpose was required to be done by him. This work, in the main, seemed to be the construction of certain partition walls on the floor of the building to be occupied by appellant, so as to cut off an office, construct a large cabinet, arrange cloakrooms, and to install blackboards, etc. Appellee, through an agreement entered into through its said manager with appellant, performed this work, and the judgment rendered is a balance claimed by appellee to be due it under its said contract. Against this claim, appellant alleged an "accord and satisfaction," the nature of which was fully alleged in his answer, and will appear from the statement herein.

Appellee's theory of the case, as disclosed by its petition, and the evidence offered to sustain the allegations of the petition, was that one of its employees received from appellant specifications of the work he wanted done, and that, with these specifications as a basis, submitted a bid of $605.40; that afterwards, and before this bid was acted upon by appellant, appellee's said manager had a conversation with appellant in which it was disclosed that the specifications did not cover the entire work desired to be performed, but that items of considerable cost had been omitted therefrom. In this conversation, in which these omissions were discussed, the said manager told appellant that it would be better and perhaps cheaper for him to contract with appellee on the "cost plus" plan, under which plan appellant would pay to appellee the cost of material and labor that en-

tered into the work, and, in addition thereto, pay 8 per cent. thereof for appellee's services; that this proposition was accepted, and that on this basis the completed work amounted to the sum of $1,047.60; that an itemized bill for this amount, accompanied by checks and vouchers showing its correctness, was submitted to appellant, and appellant sent a check to appellee in the sum of $707.50, which left a balance of $340.10 still due appellee, and for the recovery of which this suit was filed.

Appellant's theory of the case, as disclosed by his pleading and evidence, was that the specifications furnished to appellee contained all the work required to be done except some minor items, such as a partition in the cloakroom; that, in his conversation with appellee's manager in reference to the said bid, he informed said manager that he would like for appellee to do the work as it was constructing the building, but that its bid was higher than several other bids he had received; that the said manager had admitted that the bid was made high because of certain contingencies that might happen, and that it would be cheaper for him to have the work done by the said "cost plus" plan, and that he believed appellee could save appellant as much as $100 from that bid on the work being done under such plan, and that it would not cost him more than said bid; that, with this assurance, and with the understanding that the limit of the cost under said plan would be the amount of the bid for the work embraced in the specifications, he agreed to the said "cost plus" plan; that he was handed the bill for the work, at his request, by appellee's said manager, on the street, and that he carried the same to his office, and, as soon as he became acquainted with the amount of the bill, he at once notified the said manager that the bill was entirely too high; that later an interview occurred between him and said manager, in which the differences were unsuccessfully tried to be adjusted; that soon thereafter he sent appellee a check for $707.50, with the stipulation that such was sent as the full amount of the bill for the work, and could only be accepted by appellee as a full settlement of his indebtedness; that, without notice to him that same was not accepted under the terms of his said offer, it was cashed by appellee, and then he was notified by appellee that he would be held for the said balance.

Appellee supported its theory by competent evidence, which evidence is clear and explicit that the contract entered into was a "cost plus" contract, and that there was no assurance as to what the cost would be. Appellee also established the amount of the claim by vouchers and checks showing what had been actually expended by it in the performance of the said work. Appellant also supported his theory by his own evidence, corroborated by that of his wife, which evidence would have been sufficient to authorize a finding in his favor as to the character of contract entered into. The check sent by appellant as full payment for appellee's work was accompanied by a letter, both letter and check bearing date of July 25th, 1923. The check had the following indorsement placed thereon by appellant:

"Indorsement of this check constitutes acceptance in full settlement of all claims."

The letter is as follows:

"Inclosed find our check for $707.50 in full payment of work done in connection with partitions, etc., at 2021½ Main street. We have added to your original bid $100, which I consider ample to cover the small additions that were made. The bill for electrical wiring, I would suggest that you take up with Mr. Owens, as we have written him with reference to the $35 bid that was given us for this work. If settlement of this account on this basis is not satisfactory, the matter will have to be arbitrated. I consider that I am paying more than I should, and I assure you that I am greatly disappointed at the way this entire matter was handled."

When this check and accompanying letter was received by appellee's manager, he at once went to the bank on which the check was drawn and had it certified and then deposited it in another bank. Before depositing same, he placed the following indorsement thereon: "Inge Construction Company, by Cedric Burgher, V. Pres." The check was paid on July 27, 1923. At the time the said manager deposited the check in the bank and took credit for same, his attorneys wrote the following letter to appellant, of date July 27, 1923:

"The claim of Inge Construction Company against you in the sum of $1,047.60, bearing a credit of $707.50, leaving a balance of $340.10, has been placed with us for attention. In accordance with your letter of July 25th, our client has decided to deposit the check and advise you that the settlement is not satisfactory so that the matter can be arbitrated as you suggest. If you are unwilling to remit this balance, please let us know at once, and we will take up with you the question of arbitrating the amount still due. Our client insists that you have had value received and that the amount claimed by it is fully collectible."

The case was tried before the court without the intervention of a jury, with the result as above stated. The court filed findings of fact and conclusions of law; those necessary for a disposition of this appeal being as follows:

"(6) I find that, when defendant made the payment of $707.50, there was no bona fide dispute or controversy between the plaintiff and the defendant as to the terms of the contract, the amount due under it or as to the character of the work done. I further find that the contention as to the contract as alleged by the defendant in its answer was not made in good

faith and was without merit, and I further find that the plaintiff accepted the payment of $707.50 as a payment on account, and credited the same on the total amount due under the contract; that plaintiff did not accept the payment of $707.50 in full settlement and satisfaction of the entire claim, but only as a payment on account.

"(7) I find that the statements in the letter of July 25, 1923, written by the defendant, and the check of $707.50, which was inclosed in letter of July 25, 1923, taken together, did not constitute an unequivocal offer of an accord and satisfaction, and were not made in good faith.

"(8) I find that there was no agreement between the parties or meeting of minds between the parties that the payment of $707.50 constituted a full settlement in satisfaction of the entire claim, and I find that, in accepting the payment of $707.50, the plaintiff did not understand the same to be accepted in full satisfaction of its claim."

These findings of fact, in so far as they are material to his defense of "accord and satisfaction," are challenged by appellant as being unsupported by the evidence. Appellant's assignments of error and propositions of law present this as the controlling issue on this appeal.

[1] The issues presented to the trial court by the pleadings and the evidence were: (1) Was the contract under which the work was performed on an unqualified "cost plus" plan, as alleged by appellee and supported by its evidence, or was such contract on the "cost plus" plan qualified by a stipulation to the effect that the cost would not exceed the maximum amount alleged by defendant, and supported by evidence offered by him? (2) In the event the court should find with appellee on the issues above stated, then was there an accord and satisfaction of the debt by the payment by appellant of a less sum for its discharge? The trial court found in favor of appellee on the first of these issues, and this finding, being clearly supported by evidence, must be accepted by this court as an established fact in this case. Under this finding appellant was due appellee $1,047.60 at the time of the completion of the work.

As disclosed by the findings of the court above given, the trial court found in favor of appellee on the second issue above named that the payment by appellant of the said sum of $707.50 was not made under such circumstances as would render such payment an accord and satisfaction of the entire debt. Unless the evidence in this case discloses that the circumstances under which this said payment was made were such that in law such payment constituted an accord and satisfaction, then this case must be affirmed.

[2, 3] An agreement between two parties to give and accept something of value in satisfaction of a right of action which one has against the other is an accord, and the execution of this agreement is a satisfaction. The term "accord and satisfaction," therefore, applies to the completed transaction, and constitutes a bar to any action on the original contract. Elliott on Contracts, § 2068. When a claim of a creditor is settled by a debtor by the payment of a less sum, such payment must have been made under one of two conditions before the law will permit it to be a bar to an action by the creditor for the balance of the claim, even though such payment was made on an agreement that it should be in full satisfaction of the claim. The claim must have rested on an unliquidated demand, or, if it rested on a liquidated demand, there must have been a bona fide dispute of such claim by the debtor as to the amount thereof. Cristler v. Williams, 62 Tex. Civ. App. 169, 130 S. W. 608; Bergman Produce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102; Powers v. Harris, 42 Tex. Civ. App. 250, 94 S. W. 136; Laughman v. Sun Pipe Line Co., 52 Tex. Civ. App. 485, 114 S. W. 451; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014.

The latter rule above announced applies to this case, and the first question for determination is, Does the undisputed evidence show that appellant, in good faith, contested the amount of appellee's claim? The question is not whether appellant was right or wrong in his assertion that the said claim was excessive, but whether or not appellant honestly believed that he was right in the contention he made in reference to said claim, and that this belief rests upon a substantial rather than a frivolous contention. The undisputed evidence shows that appellant, when presented the claim for payment, immediately disputed its correctness and stated his reasons therefor; that one reason stated supporting his contention was that appellee's bid was $150 in excess of another bid that he had, and that he only gave to appellee the contract on the assurance by appellee's said manager that there would be a saving to him by the "cost plus" plan of at least $100 on the said bid; that a day or two following, in an interview with the appellee's said manager, appellant contended for his version of the contract, and appellee, while in no way conceding the correction of appellant's contention, still offered to deduct from the claim the 8 per cent. charged. This could only have been done in recognition of the fact that appellant was at least stubbornly contending for his version of the contract.

[4] We have given this case careful attention, and have closely read this record, and do not find anything therein which amounts to an impeachment of the good faith of appellant in disputing this claim, though we do find, under the findings of the trial court, that appellant was mistaken in his said contention. We therefore hold that the undisputed evidence shows that appellant made his contention in good faith, and that the contrary

finding by the trial court is not supported by any evidence.

[5] The trial court construed appellant's letter of July 25, 1923, and the indorsement on the check for $707.50 as not constituting an unequivocal offer of an accord and satisfaction. If such letter and such indorsement, when construed together, are susceptible to this construction, then the trial court was correct in holding that there was no accord and satisfaction. The indorsement on the check certainly was in unequivocal terms, and declared that its acceptance by appellee would constitute a full settlement of the claim. The letter in effect stated that the amount of the check was tendered in full payment of the work done, and further that, if settlement of the account on that basis was not satisfactory, the matter would have to be arbitrated. We can only construe the tender thus made as an unequivocal offer of accord and satisfaction. When appellee received this check and explanatory letter, it was given the choice, either to accept the check as full payment of its debt, or to return same, unaccepted, and hold appellant for its full claim. When appellee's manager chose the former course, and accepted the money represented by the check, he thereby took said money under the sole condition on which it was tendered, unaffected by the mental attitude of its said manager in reference to whether it was accepted as full and complete payment of the debt. Such mental attitude cannot control the effect of the said act. We therefore hold that the undisputed evidence in this case shows that there was a valid accord and satisfaction of this debt, and that same is a bar to the claim asserted by appellee in this suit.

The case is therefore reversed, and rendered in favor of appellant.

Reversed and rendered.