### SIMMS OIL CO. v. AMERICAN REFINING CO.  (No. 856–4588.)

(Commission of Appeals of Texas, Section A. Nov. 24, 1926.)

1. **Accord and satisfaction** ⬤➡1—Minds must meet to constitute an "accord."

To constitute an "accord," minds must meet.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord.]

2. **Accord and satisfaction** ⬤➡27—Accord and satisfaction is for jury, when facts proved do not point irresistibly either way.

When facts proved do not point irresistibly one way or another, question of accord is for jury.

3. **Accord and satisfaction** ⬤➡5—"Accord" must be supported by consideration.

"Accord," to be valid, must be supported by consideration.

4. **Accord and satisfaction** ⬤➡10(1)—Compromise and settlement ⬤➡6(2)—Sufficient consideration for accord may arise out of dispute as to liability on liquidated claim.

Sufficient consideration for accord may inhere in or arise out of a dispute as to liability on a liquidated claim.

5. **Accord and satisfaction** ⬤➡10(1)—Compromise and settlement ⬤➡6(2)—Sufficient consideration for accord, arising out of dispute as to liability on liquidated claim, presupposes bona fide denial of liability.

Sufficient consideration for accord, arising out of a dispute as to liability on a liquidated claim, presupposes that denial of liability, in whole or part, is not merely factitious or mala fides.

6. **Accord and satisfaction** ⬤➡27—Compromise and settlement ⬤➡24—Good faith of defendant in raising controversy as to liquidated claim, so as to constitute sufficient consideration for accord, held for jury.

Good faith of defendant in raising and maintaining controversy as to liquidated claim, so as to constitute sufficient consideration for an accord thereof, whereby creditor received smaller amount in satisfaction, *held* for jury.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the Simms Oil Company against the American Refining Company. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (282 S. W. 894), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

Thompson, Knight, Baker & Harris, of Dallas, and Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for plaintiff in error.

Bullington, Boone, Humphrey & King, of Wichita Falls, for defendant in error.

NICKELS, J. The nature of the case (with the exception of some immaterial inaccuracies) is fully stated in the opinions of the honorable Court of Civil Appeals, 282 S. W. 894, and to those opinions we make reference for complete description of the issues between the parties.

Writ of error was allowed upon averments of conflict between the ruling embraced in those opinions and those of the Court of Civil Appeals for the Seventh district in the case of American Refining Co. v. Staley, 274 S. W. 272; writ of error being refused in the latter case. The conflict alleged, and which we believe exists, relates to the meaning of the contract stipulation which was before the courts in both cases. In our opinion, the matter was correctly decided in American

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Refining Company v. Staley, and, perforce, erroneously decided in the present case.

Nevertheless, we believe, a reversal of the district court's judgment and a remand of the cause was properly ordered, because certain issues of fact were made by the pleading and evidence in respect to the defense of accord and satisfaction. This result is impelled by reasoning different from that stated in the opinions of the Court of Civil Appeals, and in view of a remand of the case we will state the bases of our conclusion.

[1, 2] A requisite of an accord is the aggregatio mentium. The minds must meet here as they must meet in any other contract. Railway Co. v. Gordon, 70 Tex. 85, 7 S. W. 697. The evidence upon this point does not show an expressed agreement. If the minds met, that is deducible only, and rests in implications. The facts proved do not irresistibly point one way or the other, and it is for the jury to say whether there was an agreement whereunder the creditor received the smaller amount in satisfaction of the larger amount.

[3] But if there existed the essential agreement, that fact is immaterial unless there was present, also, a consideration for its support. Lanes. v. Squyres, 45 Tex. 382, 385; Chicago, M. & St. P. R. Co. v. Clark, 178 U. S. 353, 364, 20 S. Ct. 924, 44 L. Ed. 1099. In view of the meaning given the original contract, the claim of Simms Oil Company was liquidated. There was never any element of uncertainty as to the amount of oil involved or the price at which it was purchased and the sum due was calculable upon undisputed factors. Jones & Co. v. Hunt, 74 Tex. 657, 12 S. W. 832; City of San Juan v. St. John's Gas Co., 195 U. S. 510, 25 S. Ct. 108, 49 L. Ed. 299, 1 Ann. Cas. 796; Fire Insurance Association v. Wickham, 141 U. S. 564, 12 S. Ct. 84, 35 L. Ed. 860. The Court of Civil Appeals, in harmony with the New York courts (see Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695), proceeded upon the theory that existence of a dispute about liability for the whole of the larger sum renders the claim unliquidated in the law of accord and satisfaction. That doctrine, in our opinion, is unsound, for, if it be sound, a claim upon a promissory note is unliquidated if the maker has or claims any defense. Existence of a dispute about liability has a bearing upon the question, as will be seen, but its effect is not that ascribed to it by the Court of Civil Appeals.

[4-6] Sufficient consideration for accord may inhere in or arise out of a dispute as to liability upon a liquidated claim. This presupposes that denial of liability, in whole or part, is not merely factitious or mala fides. (Fire Insurance Association v. Wickham, supra; City of San Juan v St. John's Gas. Co., supra; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Franklin Ins. Co. v. Villeneuve, 29 Tex. Civ. App. 128, 68 S. W 203, writ refused), yet existence of real basis for the denial is not essential (Camoron v. Thurmond, 56 Tex. 34; Little v. Allen, 56 Tex. 139; Pegues v. Haden, 76 Tex. 99, 13 S. W. 171; O'Fiel v. Janes [Tex. Civ. App.] 269 S. W. 1074, 1082; Id. [Tex. Com. App.] 280 S. W. 163). The just rule, it seems to us, is that stated by Judge Fisher in Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 360, 60 S. W. 1014, 1016.

"But if the one who is sought to be held liable in good faith urges a defense which he believes to be substantial, and which he claims will defeat the demand in whole or in part, and in good faith raises a controversy and dispute as to his liability, a settlement and compromise of the demand, based upon such contention, will not be disturbed."

This is so, we think, because existence of a dispute of that character affords a good consideration for the new agreement of accord. In view of the fact that American Refining Company v. Staley, supra, had not been decided at the time when the defendant in error interpreted the stipulation in question there and here, we believe the record presents a jury question as to its good faith in raising and maintaining the controversy.

Because the two issues mentioned are raised by the evidence, the district court committed error in peremptorily instructing a verdict for the Simms Oil Company.

Accordingly we recommend affirmance of the judgment of the Court of Civil Appeals reversing the judgment of the district court and remanding the cause for further trial.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.