### MURRAY TOOL CO. v. ROOT & FEHL.
### (No. 473.)

Court of Civil Appeals of Texas. Eastland.
Feb. 8, 1929.

Rehearing Denied March 15, 1929.

Grisham Bros., of Eastland, for appellant.
Turner, Seaberry & Springer, of Eastland, for appellees.

HICKMAN, C. J. Appellant sued appellees upon a verified account. One of the defenses pleaded was accord and satisfaction. The case was submitted to the jury on special issues, which issues and the answers thereto were as follows:

"Special Issue No. 1: On October 14th, 1926, was there a controversy existing between the parties to this suit over the claim sued upon? Answer yes or no. Answer: 'Yes.'

"Special Issue No. 2: Was such controversy, if any, urged in good faith by the defendants? Answer yes or no. Answer: 'Yes.'

"Special Issue No. 3: On October 14th, 1926, when the defendants delivered a check of $254.71, was it agreed between the parties that this would be in full satisfaction of all claims and controversies, if any, theretofore existing between the parties? Answer yes or no. Answer: 'No.'

"Special Issue No. 5, requested by plaintiff: Did any one representing the plaintiff in the delivery and cashing of the check for $254.71 know that same was marked as a payment in full of said account? Answer yes or no. Answer: 'Yes.'"

Judgment was rendered by the court on these findings in favor of appellees, defendants below, and this appeal followed.

■ One contention urged here is that the findings do not support the judgment in this: In answer to special issue No. 3 the jury found that it was not agreed between the parties at the time the check was delivered that same would be in full satisfaction of all claims and controversies existing between them. Since accord and satisfaction must rest upon a contract, it is earnestly insisted that judgment should have been for appellant upon this finding of the jury. Had the trial court not given appellant's requested special issue No. 5, this contention might have been sustained; but under the answer of the jury to this special requested issue we think special issue No. 3 becomes immaterial. The substance of the findings of the jury is that there was a controversy between the parties over the claim sued upon; that such controversy was urged in good faith by the appellees; that appellees delivered to appellant a check for the amount claimed by appellees to be due appellant, on which check was indorsed that same was given as a payment in full of said account; that at the time said check was cashed by appellant it knew that same was so indorsed, but did not agree to accept same in full satisfaction of its claim. The rule is well established that, when a bona fide dispute exists between the parties as to the amount due and the debtor sends his check to the creditor upon condition that it be accepted in full payment of such disputed claim, there is but one of two courses open to the creditor, either to decline the offer and return the check, or to accept the check with its attached condition. When the creditor indorses and collects the check, knowing that it was tendered only upon condition, he thereby agrees to the condition as a matter of law. The fact that he may, at the same time, notify the debtor that he is not accepting the check with the condition, but is accepting same as a payment only, cannot alter the legal effect of his act in cashing and appropriating the check. Stetson-Preston Co. v. Dodson (Tex. Civ. App.) 103 S. W. 685; Hunt v. Ogden, 58 Tex. Civ. App. 443, 125 S. W. 386; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891; Buford v. Inge Construction Co. (Tex. Civ. App.) 279 S. W. 513; Simms Oil Co. v. American Refining Co. (Tex. Com. App.) 288 S. W. 163; 1 R. C. L. pp. 196, 197, § 32; 3 Williston on Contracts, § 1854, pp. 3175-3178.

■ It is well settled that a trial court is not authorized to disregard the findings of the jury and enter judgment non obstante veredicto. This rule obtains where the findings are upon material issues, but has no application to a case in which a court submits immaterial issues. A judgment of a trial court contrary to a finding by the jury upon an immaterial issue, which should never have been submitted, may be upheld. Magnolia Petroleum Co. v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158.

■ Another question urged by appellant is that there was no evidence to support the findings of the jury in answer to special issues 1 and 2 to the effect that a bona fide dispute existed between the parties as to the amount due by appellees to appellant. The facts disclose that there was no dispute between the parties as to the correctness of the items of appellant's verified account. On the trial of the cause appellees claimed the right to open and conclude in the introduction of evidence and argument on the faith of their admission that appellant's claim was just, except in so far as same might be defeated, in whole or in part, by the matters pleaded by them in their answer. The dispute was regarding the claim which appellees asserted against appellant as an offset. This claim was for services in cleaning out a well prior to the time appellant became incorporated. The services in cleaning out the

well were performed at the request of the president of the appellant corporation. Later, appellant was incorporated and the account sued upon by it accrued after its incorporation. The contention is made that, there being no showing that appellant was liable for the obligations incurred by its president prior to the time of its incorporation, appellees could not claim accord and satisfaction based upon their unfounded assertion of liability of appellant for the personal obligations of its president. The evidence offered by appellant would support the contention that the only dispute between the parties was with regard to the legal liability of appellant for the obligations of its president, but the evidence of appellees would support a different conclusion. Appellee Root testified that there was no dispute as to any matter except the amount of their offset. This testimony would support the conclusion of the jury that the amount of appellees' claim against appellant was in dispute, and therefore the amount which appellees owed appellant was likewise in dispute, as the uncertainty of the amount of any offset renders uncertain the amount owing on a claim. The only consideration necessary for the support of an accord and satisfaction is a bona fide dispute between the parties, which dispute may be either about the facts or about the law. In 1 C. J. p. 355, § 76, it is stated that it is immaterial whether the dispute arose over a question of fact or of law. This rule has had frequent application in the decisions of our courts. The test applied is whether the one who is sought to be held liable urges a defense which he believes to be valid, and not whether such defense is, as a matter of fact or law, a valid one. A contrary rule would render of no effect the defense of accord and satisfaction. If the defendant had to prove that his claim of offset was one legally enforceable against the plaintiff, then the question would be not one of accord and satisfaction at all, but one of payment or cross-action. Numerous authorities in this state could be cited, but the following are deemed sufficient: Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Laughman v. Sun Pipe Line Co., 52 Tex. Civ. App. 485, 114 S. W. 451; Simms Oil Co. v. American Refining Co. (Tex. Com. App.) 288 S. W. 163.

We believe that the findings of the jury are supported by the evidence, and that such findings support the judgment of the trial court.

It is, therefore, our order that the judgment be affirmed.

### On Motion for Rehearing.

Upon a reconsideration of this case we are convinced that we were wrong in our original opinion in one important particular, which affects the judgment rendered.

■ Without again copying same, attention is directed to special issue No. 3 set out in the original opinion. In disposing of the case in that opinion we regarded the answer of the jury to this issue as if it amounted to a finding that appellees tendered the check on condition that it be accepted as payment in full, but that appellant did not agree so to accept same. So construing the effect of this answer, we think our opinion was correct. But we were in error in so construing it. Appellant's evidence was that the agreement between the parties at the time the check was delivered was that same would be accepted as payment on account, and that it was not tendered by appellees as a payment in full. Appellees testified that it was both tendered and accepted under an agreement that it constituted payment in full. The jury believed appellant's witness, in part at least, as is conclusively shown by the answer to this issue. We are not prepared to say that the jury did not believe appellant's witness altogether, and meant by the answer to this issue that the agreement was that the check was neither offered nor accepted as a payment in full of the disputed claim. It would not be contended that, although a check should pass from the debtor to the creditor having printed thereon the statement printed on this check to the effect that same was in payment in full, an accord and satisfaction would result, when the parties understood it should not have that effect at the time the check was given. In order to work an accord and satisfaction under facts like those here involved, it is essential that the debtor tender his check on condition. As stated in Williston on Contracts, § 1856: "The imposition of an accord and satisfaction on the creditor against his will can be justified only where his taking the check would be tortious except on the assumption of a taking in full satisfaction."

If appellant and appellees agreed that the check was neither tendered nor accepted in full satisfaction of the claim, as testified to by appellant's witness, no accord and satisfaction resulted, notwithstanding the printed matter on the check. Appellant's act in taking and cashing the check under such circumstances would not be tortious. There is no certain finding that they did not so agree. The burden was upon appellees to establish their defense of accord and satisfaction, and the duty rested upon them to have submitted to the jury such issues as would embody the essential elements of this defense.

■ The answer of the jury to special issue No. 3 is just as consistent with the theory that there was no tender of the check upon condition as that there was such tender. Under such state of the record, judgment should not have been rendered for appellees.

On the other hand, we are unable to render judgment for appellant. The finding was uncertain as to its theory of the case, the same as it was to appellees' theory. It therefore becomes necessary to remand the case for a new trial.

The judgment of this court heretofore en-

tered affirming the judgment of the trial court is hereby set aside, and in lieu thereof judgment will be entered reversing the judgment of the trial court and remanding the cause for another trial.