**BROWN SUPPLY COMPANY, Inc.,**
Appellant,

v.

**W. C. CRABTREE, Appellee.**

No. 6972.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1960.

McWhorter, Cobb & Johnson, Lubbock, Carroll Cobb, Lubbock, of counsel, for appellant.

Croslin & Pharr, Lubbock, Carlton B. Dodson, Lubbock, of counsel, for appellee.

NORTHCUTT, Justice.

On April 16, 1956, the appellee, W. C. Crabtree, purchased from appellant, Brown Supply Company, Inc., 600 feet of 7-inch aluminum pipe for the total consideration of $703, and at the same time executed a note and chattel mortgage for $703. The note and chattel mortgage provided that Crabtree promised to pay Brown Supply Company, Inc. the sum of $703 as follows: $353 cash therewith paid and the balance of $350 payable December 15, 1956, with interest thereon at the rate of 10 per cent per annum from May 1, 1956. On April 18, 1956, appellee received the pipe and appellant at that time issued and delivered to appellee an Invoice No. 5564 showing the $353 paid. Some 30 to 45 days after April 18, 1956, appellant was unable to find any record where it had received the $353 and appellant's representatives contacted appellee in reference to the payment of the $353, and appellee at that time and all times subsequent told said representatives that he paid the $353 at the time he received the pipe. On October 12, 1956, appellee gave his check to appellant for the sum of $350 and wrote on said check "Alum. pipe 700 ft. paid in full." At the same time, October

12, 1956, appellee gave his check to appellant for the sum of $14.60 and wrote on said check "Interest on note $350.00 alum. pipe."

On February 19, 1957, appellant brought suit upon the note for the balance due on said note in the sum of $353 together with interest at the rate of 10 per cent per annum from May 1, 1956, and for attorney's fees and seeking to foreclose the chattel mortgage lien upon the 20 joints of 7-inch by 30-foot of aluminum pipe. The appellee answered contending he had paid the note in full and also that appellant had accepted and received of and from the appellee full satisfaction and discharge of said cause of action. The case was tried to a jury, and after all of the evidence was in, at the request of the appellee, the court instructed the jury to return a verdict for the appellee. Upon this instructed verdict, the court rendered judgment that Brown Supply Company take nothing against W. C. Crabtree. From that judgment Brown Supply Company, Inc. perfected this appeal.

Appellant presents its appeal on the contention the court erred in granting the appellee's motion for instructed verdict and entering judgment thereon in the following respects: 1. The uncontroverted facts do not support accord and satisfaction. 2. Two issues of fact were presented. It being the contention of appellant that the payment of the $350 was in payment of an undisputed claim and was no consideration for the discharge of the $353 which was a disputed claim.

The note sued upon was for the original amount of $703 being the full consideration for the pipe in question. That was the only account in question. Was the note in the sum of $703 paid? The note and chattel mortgage concerned only the aluminum pipe. Under this record there is no question but that appellant knew when they first approached the appellee concerning the $353 that he insisted he had paid the same when he received the pipe. When appellant, knowing appellee was disputing in good faith the amount of the claim, re-ceived the check marked "Alum. pipe 700 ft. paid in full" it was given the option either to accept the check as full payment or to return the check to appellee, and hold the appellee for his full obligation. Appellant chose to accept and deposit the check to its account and the check was paid. We are of the opinion there was valid accord and satisfaction.

It is stated in the case of Root & Fehl v. Murray Tool Co., 26 S.W.2d 189, 191, 75 A.L.R. 902 by the Commission of Appeals as follows:

"It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor, upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account. Stetson-Preston Co. v. H. S. Dodson & Co. (Tex.Civ.App.) 103 S.W. 685; Hunt v. Ogden, 58 Tex.Civ.App. 443, 125 S.W. 386; Daugherty v. Herndon, 27 Tex.Civ.App. 175, 65 S.W. 891; Buford v. Construction Co. (Tex.Civ. App.) 279 S.W. 513; Simms Oil Co. v. American Refining Co. (Tex.Com. App.) 288 S.W. 163."

We have not cited any other authorities but the case from which we have just quoted is cited with approval in many later cases.

We are of the opinion that when appellant accepted and cashed the $350 check marked as it was, there was a good and valid dispute between the appellant and appellee, and the acceptance of the check constituted accord and satisfaction.

Judgment of the trial court is affirmed.