## W. R. Powers v. John Harris et al.

Decided March 7, 1906.

1.—Debt Evidenced by Note—Payment of Part as Compromise—Effect of.

As a general rule an agreement that payment of part of a bill or note shall discharge the whole is ineffectual, there being no sufficient consideration for the agreement. But if the claim evidenced by the bill or note is disputed, an agreement by way of compromise, to receive a part payment in full settlement, will discharge it.

Appeal from the County Court of Guadalupe. Tried below before Hon. H. M. Wurzbach.

*Greenwood & Donegan,* for appellant.—In a suit on a liquidated demand, namely, a plain unambiguous promissory note, a verified plea stating that after maturity the payor paid and the payee accepted a sum less than the principal of such note as a satisfaction thereof, without alleging any other payment or consideration, shows on its face that the balance is due and unpaid, and sets up no defense to such suit. Torrey v. United States, 42 Fed. Rep., 207; Williams v. Langford, 15 B. Mon. (Ky), 566; Akers v. Cen. Ky. L. Asylum, 10 Ky. L. Rep., 817; Young v. Neal, 10 Ky. L. Rep., 404; Evans v. Powis, 1 Exch., 601; Thomas v. Churton, 2 B. & C., 477; Down v. Hatcher, 10 A. & E., 121; Cyc., vol. 1, p. 343, Title, Accord and Satisfaction.

A note and mortgage securing it, executed for a valuable consideration, and certain in their terms, are a liquidated demand, and if past due, the payor paying and the payee accepting a sum less than the principal of such note is no satisfaction thereof, although paid and accepted as such. This is especially true if such note and mortgage are not surrendered on such payment and the debtor is not shown to be insolvent. Such an agreement would be without consideration.

Payment of a less sum on a greater demand will in no case be an accord and satisfaction unless it be then so agreed by the parties. Clifton v. Foster, 20 S. W. Rep., 1005; Lane v. Squyres, 45 Texas, 385; Bowden v. Robinson, 23 S. W. Rep., 816; Rotan Grocery Co. v. Noble, 81 S. W. Rep., 586; Shelton v. Jackson, 49 S. W. Rep., 415; Gulf, C. & S. F. Ry. v. Gordon, 70 Texas, 80; Johnson v. Portwood, 89 Texas, 238.

When the trial court's conclusions of fact are contrary to, or are not supported by, the evidence and are excepted to by the party injured, the Appellate Court will look to the statement of facts and determine the issue thereby.

When the debtor agrees to pay and his creditor to accept a certain sum in satisfaction of the demand of such creditor against said debtor, this does not in any case amount to an accord and satisfaction without actual payment, and such debtor can not claim an accord and satisfaction without strictly complying with all the terms of his agreement.

An accord and satisfaction must be agreed to and understood by both parties to be valid, and if there be a disagreement as to the terms of such accord and satisfaction at the time of payment of the sum agreed on, or if either party repudiates such accord, if it was ever agreed on, there is no accord and satisfaction; and the original agreement, if there be one, can not be changed except by the consent of both parties. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 78; Jennings v. Fort Worth, 7 Texas Civ. App., 329; Southern Nat. Bank v. Curtis, 36 S. W. Rep., 913; Gulf, C. & S. F. Ry. Co. v. Gordon, 70 Texas, 87; Johnson v. Portwood, 89 Texas, 238-239.

When a dispute exists between a debtor and a creditor as to an indebtedness between them in any way, and such debtor for a valuable consideration comes to an agreement with his creditor, and gives a note for the sum agreed on, he can not thereafter make such a note and mortgage a disputed demand by raising the same dispute so previously settled by giving such note on such consideration. Bowden v. Robinson, 23 S. W. Rep., 816.

*Seidman & Short,* for appellees.—The court did not err in holding that "although the amount alleged to be due may be evidenced by an instrument in writing, yet the amount evidenced by said instrument may be a matter of dispute," because it was plead by appellee's sworn plea, that he did not owe the sum of $181.37 as evidenced by the instruments in writing here sued upon, but only the sum of $35 as agreed upon, and that he had paid said $35.

NEILL, ASSOCIATE JUSTICE.—This suit originated in the Justice's Court. It was brought by W. R. Powers against John Harris on a promissory note made by the latter to the former for $181.37. A mortgage lien on certain property given to secure the note was also sought to be foreclosed; and to that end the property was seized by a writ of sequestration. It was replevied by defendant. The trial in the Justice's Court resulted in a judgment in favor of plaintiff against defendant and the sureties on his replevy bond. Upon appeal to the County Court judgment was for the defendant.

It appears from the evidence that the note and mortgage were given in settlement of an account plaintiff claimed was due him by defendant; but at the time they were executed, defendant claimed that he did not owe plaintiff as much as the note called for. The defendant's contention was, that he only owed about $35 of the amount and that the balance was the debt of his two married daughters.

This being the contention between the parties, after the note and mortgage were executed, on the 8th of October, 1903, they met in Seguin for the purpose of settling the matter, and it was agreed between them that defendant was only bound to pay on the note and mortgage the sum of $35, which sum plaintiff agreed to accept in full satisfaction and discharge of his demand against defendant on said note and mortgage. And in pursuance of the agreement the sum of $35 was paid plaintiff by defendant's agent.

The question raised by the assignments of error is, did the allegation and proof of these facts constitute a defense to plaintiff's action?

It is undoubtedly the general rule, that a part payment of a bill or note which has fallen due only extinguishes it *pro tanto,* and an agreement that it shall be in full discharge of the debt does not make such part payment any more effectual as to the residue, there being no sufficient consideration for the discharge of the whole. But if the claim evidenced by the bill or note is disputed, an agreement, by way of compromise, to receive a part payment in full settlement will discharge it.

The facts in this case bring it within this exception to the general rule. Therefore the judgment is affirmed.

*Affirmed.*