CLOPTON v. CALDWELL COUNTY.*
(No. 5683.)

(Court of Civil Appeals of Texas. San Antonio. May 31, 1916. Rehearing Denied June 21, 1916.)

1. ACCORD AND SATISFACTION ⊚⟲11(1)—ACCEPTANCE AS FULL PAYMENT — EFFECT OF PROTEST.

A contractor's acceptance and cashing, under protest, of a road warrant, stated to be in final settlement of his claim, operated as an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75, 79–82; Dec. Dig. ⊚⟲11(1).]

2. ACCORD AND SATISFACTION ⊚⟲10(1)—UNLIQUIDATED CLAIMS—WHAT CONSTITUTES.

A road contractor's claim for work done, including an additional item for supervision, is unliquidated where the supervising item is without basis.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 67–72; Dec. Dig. ⊚⟲10(1).]

3. ACCORD AND SATISFACTION ⊚⟲26(3)—EVIDENCE—SUFFICIENCY.

A finding that a road contractor knew that certain warrants were given him in full payment is sustained, where he appeared before the authorities and protested against such limitation before cashing the warrants.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 164, 165; Dec. Dig. ⊚⟲26(3).]

4. ACCORD AND SATISFACTION ⊚⟲5—CONSIDERATION.

The compromise of an amount due a road contractor is sufficient consideration to support an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 40–45; Dec. Dig. ⊚⟲5.]

Appeal from District Court, Caldwell County; Frank S. Roberts, Judge.

Action by A. M. Clopton against Caldwell County. Judgment for defendant, and plaintiff appeals. Affirmed.

Page & Jones, of Bastrop, and O. Ellis & Graves, of Lockhart, for appellant. E. B. Coopwood, E. R. Yellott, and J. B. Hatchitt, all of Lockhart, for appellee.

FLY, C. J. This suit was instituted by appellant to recover a balance of $1,829.43 alleged to be due appellant by appellee, on a

contract between the parties whereby appellee bound itself to pay appellant for his services "in the supervision and construction of roads, bridges, and culverts in the different precincts of Caldwell county," 10 per cent. of the actual cost of the construction of said roads, bridges, and culverts. The cause was tried without a jury, and judgment rendered that appellant take nothing by his suit.

The court found, in substance, and this court approves his findings, that precinct No. 1, of Caldwell county, had been organized as "road district No. 1," under the laws of Texas; that, by a vote of the people, bonds had been issued for the purpose of constructing and improving roads therein, among which were the roads for work on which appellant sought to recover compensation. On January 14, 1914, the commissioners' court of Caldwell county entered into a contract with appellant for the supervision of the construction of three roads, namely, Prairie Lea, Silent Valley, and Niederwald, and agreed to pay him for his services 10 per cent. of the contract price in case bids were accepted, and actual expense if all bids and estimates were rejected. In pursuance of the terms of the contract, bids were received by the court and one for the Prairie Lea road was accepted; the bids on the other roads were rejected. Afterwards, the vote on the other roads was reconsidered, and contract was made with appellant to construct the other two roads. On a final estimate of the cost of the two roads, the commissioners' court disputed the right of appellant to 10 per cent. commissions and also claimed a credit of $118 on the account. It was shown that, at the time the contract to construct the two roads was approved, the appellant agreed not to charge the county 10 per cent. on the contract price; and the order awarding the contract was made on the agreement and understanding that he would not charge the county the 10 per cent. demanded by him in this suit. The commissioners' court deducted the 10 per cent. and $118 from the account for $3,838 and paid him only $1,992.49, and on the face of the two warrants given for that sum was written "as final settlement for road work * * * on R. & B. No. 1 fund." The warrants were tendered to appellant in full settlement of all claims by him under the contract and were received and cashed by him. He had knowledge that the warrants were issued to him as a full settlement of all claims, but, knowing such fact, he received and cashed the warrants.

[1] The court decided the case in favor of appellee on the ground of accord and satisfaction, and we think the decision is correct. Where an offer of a part of a claim is made as full payment of the whole claim, and is accepted by the claimant, though under protest, it is a bar to the recovery of the balance. Daugherty v. Herndon, 27 Tex. Civ.

---

App. 175, 65 S. W. 891; Bergman v. Brown, 172 S. W. 554; Hollinger v. Llano Granite Co., 173 S. W. 603; Fuller v. Kemp, 138 N. Y. 232, 33 N. E. 1034, 20 L. R. A. 785. As said by the Court of Appeals of New York, in the last-cited case, under similar facts to those in the present case:

"The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition; and the law will not permit any other inference to be drawn from the transaction. Under such circumstances, the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of his act."

The first assignment is overruled. There is no substantial difference between the finding of the judge and what appellant contends he should have found. No matter how erroneous the finding may have been, which is not conceded, it could not have had any weight in causing the conclusion of law of the trial judge.

The second and third assignments of error present nothing material to a decision of this case and they are overruled. However, the statement of facts supports the finding as to the $118.

[2] The fourth assignment of error complains of a finding of the court that the final account of appellant was an unliquidated demand. The amount due appellant by appellee was unsettled, undetermined in amount, and consequently was unliquidated. If there had been any basis for the claim for 10 per cent., that may have been liquidated; but it had been fully agreed by and between the parties, before the contract was awarded, that the 10 per cent. should not enter into the contract. It would seem to be preposterous to pay a contractor a percentage of the contract price to supervise his own work. It is argued that, because it was known what appellant claimed as his percentage, the whole claim became liquidated, but that part of the account had no foundation and appellant accepted payment of the other part of the account.

[3] The fifth, sixth, and seventh assignments of error go to the sufficiency of the evidence to sustain certain findings, and are fully answered by our conclusions of facts. They are overruled. Appellant, before he collected the warrants, went before the commissioners' court with his attorney and protested against its order and endeavored to have the order rescinded, which was refused. He then went out and collected the amount of the warrants, and yet it is contended that a finding that appellant knew the warrants were tendered him in full payment is not supported by the facts.

[4] The eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth assignments of error are fully met herein and are overruled. The evidence is sufficient to sustain the finding of accord and satisfaction. The compromise of a debt was a sufficient consideration. As said by this court, through Justice Neill, in Powers v. Harris, 42 Tex. Civ. App. 250, 94 S. W. 136:

"Among the numerous modifications and exceptions, none, however, is better established than that if the claim, though evidenced by a bill or note, is in dispute an agreement, by way of compromise, to receive a part payment of the disputed claim in settlement of the whole demand, when performed, will discharge it."

See, also, Hunt v. Ogden, 58 Tex. Civ. App. 443, 125 S. W. 386; Cristler v. Williams, 62 Tex. Civ. App. 169, 130 S. W. 608; Fire Association v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860.

There is no merit whatever in the fifteenth assignment of error. The testimony objected to did not tend in any way to vary the terms of the warrants, but was in perfect accord with a recitation in the warrants that they were given as a "final settlement for road work." The case was tried by the court, and it will be presumed that he tried it on legal testimony, and he so states in approving the bills of exception.

The sixteenth assignment of error is overruled. There was no attempt to vary the order of the commissioners' court, but to explain it.

The seventeenth assignment of error is a repetition of other assignments on the question of accord and satisfaction, and that subject has been fully considered. It is overruled.

The judgment is affirmed.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes