## FIRST STATE BANK OF PANHANDLE v. KNAPP et al.    (No. 2934.)

Court of Civil Appeals of Texas. Amarillo, Jan. 4, 1928.

Rehearing Denied Feb. 1, 1928.

1. Accord and satisfaction ⚖11(3)—Compromise and settlement ⚖5(2)—Acceptance under protest and cashing check for less than sum claimed due on note, which debtor marked as in full payment, held accord and satisfaction.

Where amount due on notes was in dispute bank's accepting check, even under protest, after being told by maker thereof it was in full payment of note, and thereafter cashing check, held an accord and satisfaction.

On Motion for Rehearing.

2. Appeal and error ⚖835(2)—Plaintiff, by abandoning assignment of error, waived it, and could not urge assignment and rehearing.

Where plaintiff assigned error on court's failure to submit issues, but in original brief abandoned assignment, it thereby waived error, if any, and could not urge point in motion for rehearing.

3. Appeal and error ⚖835(2)—Brief cannot be amended by urging errors in motion for rehearing not urged in original brief.

A brief cannot be amended by urging errors in motion for rehearing, which were not insisted on in the original brief.

4. Trial ⚖409—Plaintiff, by agreeing that paper not in evidence be delivered to jury, thereby waived error in permitting jury to have it.

In action by bank on a note, where jury, after retirement, returned into court and requested that paper on which plaintiff's cashier had calculated amounts due and payments made on note, which was not offered in evidence, be given them, plaintiff waived error in permitting jury to have paper, where by agreement of its attorneys paper was delivered to jury.

5. Appeal and error ⚖1069(2)—Plaintiff could not complain of error in permitting jury to have paper not in evidence, where it failed to show injury resulted.

In action on note, plaintiff could not complain of error in permitting jury, after retirement, to have memorandum sent them, not offered in evidence, where, in motion for new trial, it did not introduce evidence showing that paper was considered by jury, or injury resulted.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error ⟐►1078(4)—Error, if any, in failure to submit special issues, was waived, where plaintiff failed to brief assignment.**

In action on note, error, if any, in court's failure to submit special issues, was waived, and could not be considered on appeal, where plaintiff failed to brief the assignment.

**7. Appeal and error ⟐►854(2)—Judgment for defendant was proper, whether case be considered on defense of accord and satisfaction or payment.**

In action on note, where evidence as to credits on note were conflicting, judgment for defendant was proper, either on defense of accord and satisfaction or payment, where his check tendered in payment and accepted by plaintiff was an accord and satisfaction, and defendant's evidence as to credits supported jury's findings of payments previously made.

Appeal from Carson County Court; Asbury A. Callahan, Judge.

Suit by the First State Bank of Panhandle against J. H. Knapp and another. From a judgment for defendants, plaintiff appeals. Affirmed.

James Spiller and Frank R. Murray, both of Panhandle, for appellant.

H. H. Smith and A. L. Shirley, both of Panhandle, for appellees.

HALL, C. J. The appellant bank sued J. H. Knapp and W. C. Metcalf upon a note in the principal sum of $2,335.88, upon which payments had been made, reducing the principal to $195.50, exclusive of interest and attorney's fees. The defendants answered, alleging payment in full of the note, and further alleging that they had paid more than $50 in excess of the amount due, for which they asked judgment. They also pleaded in defense an accord and satisfaction. The court submitted the issues to a jury. The jury answered only the first issue, which, together with the answer, is as follows:

"On September 21, 1925, there did not remain due and was not unpaid on the note sued upon any amount in excess of $1,684.21."

From a judgment in accordance with this verdict, the plaintiff bank has appealed. Several propositions are urged in the brief, which it will not be necessary for us to consider in detail. It appears that the defendants made certain payments on the note out of the proceeds of the sale of their wheat crop, and on the 21st day of September, 1925, Metcalf tendered to the bank his check in the sum of $1,684.21 in full payment of the note.

The testimony of the cashier of the bank showed that there was a dispute between the bank and the defendants with reference to the amount due, in which the defendants insisted that they had paid $218 more than the credits upon the note showed they were entitled to have. There was involved in the controversy the further sum of $35.50, expenses of a sale of certain property which had been made on the farm. From the check tendered by Metcalf, the bank deducted $340.61 interest, $35.50 expenses of the sale, and credited the note with the balance of $1,308.10. When the parties failed to reach an agreement, Metcalf and Knapp left the bank, and at the same time left the check of $1,684.21 with the cashier. Metcalf wrote upon the check as follows: "Payment in full of note." They failed to arrive at a settlement, because the bank insisted that the defendants were not entitled to the credit for $218.

Metcalf testified in substance that the bank never gave him credit for all of the wheat money; that $218 more had been paid than had been credited upon the note; that, when he gave the check to the cashier, the latter said he would not accept it as payment in full; and that he wanted the payment in full erased. "I told him that he could erase it if he wanted to, but that I was giving it to him as payment in full, and that it was all that he or the bank would ever get. The plaintiff bank cashed the check. The cashier told me he would give me credit for the $218, if I would renew the note."

Knapp testified that he was present when Metcalf and the cashier were trying to settle, and that Metcalf told the cashier that he was giving the check as payment in full, and that it overpaid it, and that he heard the cashier tell Metcalf on different occasions that the bank would give him credit for the $218 then in dispute if he would renew the note; that Metcalf claimed that he had paid the note in full, and the cashier claimed there was a balance due.

[1] Having accepted the check, even under protest, after being told by Metcalf that it was given in full payment of all sums due on the note, and having thereafter cashed the check at the drawee bank, there has been an accord and satisfaction, and the bank was not entitled to recover. Buford v. Inge Construction Co. (Tex. Civ. App.) 279 S. W. 513; Simms Oil Co. v. American Ref. Co. (Tex. Com. App.) 288 S. W. 163; Clopton v. Caldwell County (Tex. Civ. App.) 187 S. W. 400; Early-Foster Co. v. W. F. Klump & Co. (Tex. Civ. App.) 229 S. W. 1015.

The judgment is affirmed.

On Motion for Rehearing.

The appellant insists in this motion that this court erred in affirming the judgment herein, because the evidence was insufficient to show an accord and satisfaction, when no such defense was raised in any manner in the lower court. This assertion is contradicted by the record. The defendants pleaded accord and satisfaction by allegations sufficient as against the general demurrer.

It is true that the appellant's brief avoided a discussion of that issue, but by counter propositions the appellees insisted that the evidence sustained that defense, and it was upon consideration of appellees' contention, and the further fact that we concluded that a proper judgment had been entered in the court below, that we affirmed the judgment. It may be, as contended in the motion, that the court should have submitted the special issues requested by appellant, inquiring specifically whether there had been an accord and satisfaction.

[2] In the motion for new trial, the appellant assigns error upon the failure of the court to submit such issues, but in the original brief appellant abandoned the assignment of error predicated upon the court's refusal, thereby waiving the error, if any, on the part of the court in refusing such issues. The point is strongly urged in the motion for rehearing, but it is too late to entitle it to consideration.

[3, 4] A brief cannot be amended by urging errors in a motion for rehearing, which were not insisted upon in the original brief. The only proposition in the original brief which has not been, in effect, disposed of by the original opinion, was the proposition which challenged the verdict of the jury as having been based upon evidence which the jury obtained after it had retired to consider the case. The bill of exception upon this point shows that, after the jury had retired and deliberated a while, they returned into court and requested that a piece of paper upon which the cashier of appellant bank had calculated the amounts due and payments made on the note in question, and which had not been offered in evidence, should be given them.

The court's qualification to the bill shows that he made known the request of the jury to the attorneys of both plaintiff and defendant, and that by agreement of such attorneys, the slip of paper was delivered to the jury. In the court's qualification it is further stated that one of the attorneys for appellant went to his office and got the paper, and handed it to the court for the purpose of having it submitted to the jury. While it was not proper for the jury to have this paper, which had not been introduced in evidence, under the circumstances stated by the court in his qualification of the bill of exception, the appellant has waived the error. Fields v. Haley (Tex. Civ. App.) 52 S. W.

115; National Bank of Dangerfield v. Ragland (Tex. Civ. App.) 51 S. W. 661.

[5] The contention is further without merit, because appellant failed, in support of its motion for a new trial, to introduce any evidence showing that the paper was considered by the jury or that any injury resulted from the matter complained of. Dunman v. South Texas Lumber Co. (Tex. Civ. App.) 252 S. W. 274.

[6] The propositions urged by appellant in the original brief filed herein, except the one last above discussed, simply insist that under all of the evidence there were no matters of fact for the jury to pass upon, and that the court erred in failing to instruct a verdict for appellant, and therefore necessarily erred in submitting the issue inquiring whether any further amount was due on the note after the appellees made the payment of $1,684.21 on the 21st day of September, 1925. The issues submitted by the court presented practically the controlling issue in the case. Whether or not the act of the bank in accepting and cashing the check amounted to an accord and satisfaction was, under the pleadings and evidence, a material issue; but, in failing to brief the assignment based upon the court's failure to submit the special issues, the error, if any, has been waived, and' cannot be considered now, however earnestly it may be urged in the motion for a rehearing.

[7] Upon the issue submitted by the court, the evidence was conflicting. The cashier of the bank testified that he had given credit upon the note for all of the wheat which the tenant, Knapp, had sold, applying the proceeds towards the extinguishment of the note. Metcalf testified that the bank never gave him credit for all the proceeds of the wheat, and "there was an amount of $218 which they did not give me credit for"; further, that the cashier told him that he would give credit for the $218 if Metcalf would renew the note. He was not cross-examined with reference to this statement.

It is clear from the verdict that the jury believed Metcalf's testimony, and it is sufficient to support the jury's finding that the payments previously made, together with the $1,684.21 finally paid on September 21st, had fully paid and discharged the indebtedness. So, whether the case be considered either upon the defense of accord and satisfaction, or payment in full, as found by the jury, a proper judgment has been entered, and the motion is overruled.