**H. L. "BROWNIE" CHOATE, INC.,**
Appellant,

v.

**SOUTHLAND DRILLING COMPANY, Inc.,**
Appellee.

**No. 14709.**

Court of Civil Appeals of Texas.

San Antonio.

May 7, 1969.

Rehearing Denied June 4, 1969.

Perkins, Floyd, Davis & Oden, L. H. Warburton, Jr., Alice, for appellant.

Lang, Cross, Ladon, Oppenheimer & Rosenberg, Paul M. Green, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, H. L. "Brownie" Choate, Inc., appeals from a judgment denying it recovery against defendant, Southland Drilling Company, Inc., in a suit on a sworn account. The judgment in favor of defendant was based on the trial court's conclusion that plaintiff's claim in the amount of $2,648.27 had been extinguished by an accord and satisfaction.

Plaintiff's petition and exhibits showed that, as a result of services, consisting of the transportation by plaintiff of defendant's oil well drilling equipment, defendant became indebted to plaintiff in the amount of $6,490.26. After certain credits, totalling $3,841.99, were deducted from this amount, there remained a balance of $2,648.27 which plaintiff alleged was still owed by defendant. Before setting forth the nature of the dispute between the parties, it is helpful to outline the course of dealings between them prior to the disagreement which resulted in this litigation.

For several years prior to 1965, defendant had engaged plaintiff from time to time to transport defendant's oil field equipment. Periodic statements were rendered to defendant by plaintiff, accompanied by invoices reflecting the separate transactions, and defendant would pay the amount due. However, it is undisputed that, on those occasions when defendant's equipment was damaged while being hauled by plaintiff, defendant would prepare invoices reflecting the amount of such damage, deduct such amount from the sum due plaintiff, and deliver a check in the amount of

the balance, together with the invoice, to plaintiff. This method of handling defendant's claims for damage to its equipment was, apparently, satisfactory to both parties.

On April 25, 1965, one of defendant's drilling rigs was damaged while it was being hauled by plaintiff. Defendant prepared its invoice, which we shall designate as Invoice 65, embodying its claim in the amount of $9,596.27, and delivered such invoice to plaintiff. Plaintiff submitted such claim to its insurance carrier, and, since plaintiff's policy contained a $2,500.00 "deductible" clause, instructed defendant to deduct $2,500.00 from the amount owed plaintiff by defendant. On September 15, 1965, the insurance company issued its check in the amount of $4,448.00, payable to plaintiff and defendant. The face of the check bore the notation that it was given for damage to defendant's drilling rig, and on the back of the check appeared the statement that payee, by endorsing the check, acknowledged and agreed "to the amount, purposes and terms stated on the face hereof." Defendant did not, nor was it requested to, execute a release.

Defendant accepted the check and deposited it to its account. At this point, all but $2,648.27, the amount here in controversy, of defendant's claim for damages had been paid. The unpaid portion represented items of damage claimed by defendant which the insurance company had disallowed.

On September 30, 1965, after defendant had received the insurance check, plaintiff delivered to defendant a statement showing the sum of $1,207.07 due plaintiff. Defendant returned this statement to plaintiff, with the notation across the face of the statement to the effect that the amount shown by such statement to be due plaintiff had been applied by defendant to the unpaid balance of defendant's Invoice 65, reducing the unpaid balance owed by plaintiff to defendant "on Invoice no. 65" to $1,441.20.

H. L. Choate, plaintiff's president, testified that he then discussed the situation with representatives of defendant and was assured that the matter was open to further discussion. However, defendant's witness testified that at all times when Choate complained he was told that defendant would continue to deduct the unpaid balance due on its invoice 65 until the full amount of such invoice had been paid.

Meanwhile, plaintiff continued to transport defendant's equipment. On November 23, 1965, defendant executed its check in the amount of $3,526.99, payable to plaintiff. On the face of this check there appeared the following:

| Description of Payment | | | | Amount | Net Payment |
|---|---|---|---|---|---|
| October Account | | | | $5,380.24 | |
| Less: Missing Invoice | * | * | * | 97.05 | |
| Less: Balance due | * | * | * Inv. No. 65 | 1,441.20 | |
| Our Inv. No. 66 | | | | 315.00 | $3,526.99 |

This check was received and cashed by plaintiff. Choate testified that, while he believed defendant had made a bookkeeping mistake, he began to be "a little more concerned about my $2,600.00."

The parties continued dealing with each other until December, 1966, when plaintiff went out of business. In all statements rendered to defendant by plaintiff, the amount shown as being owed by defendant included the $2,648.27 which defendant had deducted from previous statements as described above. However, defendant continued to pay the amounts reflected by the statements, less $2,648.27. Plaintiff then filed this suit.

■ We consider first plaintiff's contention that it did not give its assent to the alleged accord and satisfaction. Of course, a debtor who asserts that his creditor's claim has been extinguished by accord and satisfaction must show that the performance rendered by him was offered to, and accepted by, the creditor as full satisfaction of the creditor's claim. Bates v. Lefforge, 63 S.W.2d 360 (Tex.Com.App. 1933). The performance offered must be accompanied by expressions sufficient to make the creditor understand, or to make it unreasonable for him not to understand, that the performance is offered in full satisfaction of his claim, and not otherwise.

■ Here, by the notation affixed to plaintiff's statement of September 30, 1965, defendant made clearly manifest its intent to deduct what it considered to be the unpaid portion of its claim for damages from whatever amounts it might owe to plaintiff. Plaintiff's subsequent inquiries of, and discussions with, representatives of defendant make it clear that plaintiff understood the position which defendant was taking. In view of the judgment in favor of defendant, it is obvious that the trial court believed the testimony, offered by defendant, to the effect that defendant at all times claimed that plaintiff still owed defendant the unpaid portion of Invoice 65 and that defendant asserted its right and intention to deduct such unpaid balance from amounts owed by it to plaintiff. Under these circumstances, it would be unreasonable for plaintff to fail to understand that the check dated November 23, 1965, was not an offer by defendant of the amount of such check in full satisfaction of plaintiff's claim.

■ When the amount due is in dispute, and the debtor tenders a check for less than the amount claimed by his creditor, expressing his intention that the check is offered in full settlement, and not merely as a partial payment, the retention and cashing of the check by the creditor is regarded as an acceptance of the offer, and such action on the part of the creditor operates as a full satisfaction, even though the creditor protests that the payment is being received only as a partial payment. Root & Fehl v. Murray Tool Co., 26 S.W. 2d 189, 75 A.L.R. 902 (Tex.Com.App.1930); Burgamy v. Davis, 313 S.W.2d 365 (Tex. Civ.App.—Fort Worth 1958, no writ); Restatement, Contracts, § 420 (1932); Anno: 13 A.L.R.2d 736 (1950).

Plaintiff next asserts that, assuming mutual assent, its agreement to accept the smaller amount is not supported by consideration. In so arguing, plaintiff relies on the rule, often said to have originated with the decision by the House of Lords in Foakes v. Beer,[1] 9 App.Cas. 605 (1884), to the effect that an agreement by a debtor to receive a sum less than the debt owed him in full satisfaction of such debt is not supported by consideration and is not binding on the creditor, even after payment of the smaller amount by the debtor. The rule has been criticized as resting "rather upon technical considerations than upon common sense," Sigler v. Sigler, 98 Kan. 524, 158 P. 864, L.R.A.1917A, 725 (1916)[2], and the courts have displayed remarkable ingenuity

1. Prior to the decision in Foakes v. Beer, it was more than once stated by Lord Coke that a part cannot operate as a discharge of the whole, even if the creditor agrees. 1A Corbin, Contracts, Sec. 174, p. 111 (1963).

2. The Texas courts have expressed dissatisfaction with the rule. "While it has been followed unto this day, it has been, offtimes, very gingerly, and not without being pronounced technical, and not well supported by reason." Powers v. Harris, 42 Tex.Civ.App. 250, 94 S.W. 136, 138 (Tex.Civ.App.—San Antonio 1906, no writ). "It has not only outlived its usefulness, but it is positively detrimental to the rights of people to manage their business as they please, * * *." Shelton v. Jackson, 20 Tex.Civ.App. 443, 49 S.W. 415, 416 (Tex.Civ.App.—Fort Worth 1899, writ ref'd). Despite these criticisms, few courts have had the temerity to discard the rule. "Whatever may be said of the justice or logic of the rule in question, it is undoubtedly recog-

and assiduity in order to avoid its application.[3]

■ Without attempting to analyze alleged distinctions between legal tweedledum and legal tweedledee which surround the doctrine of consideration, we content ourselves with saying that when a claim is disputed in good faith by a debtor, the existence of such honest dispute is sufficient to cause a partial performance of the debtor's duty to be operative as full satisfaction of the creditor's claim, if such partial performance is so received by the creditor. De Shazo v. Wool Growers Central Storage Co., 139 Tex. 143, 162 S.W.2d 401 (1942); Marsalis v. Garre, 391 S.W. 2d 522 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.).

Plaintiff, pointing out that the debtor's denial of the validity of his creditor's claim must be made in good faith in order for his partial performance to operate as a full satisfaction, asserts that the evidence in this case is insufficient to establish the existence of a good faith dispute, because defendant had no basis for its claim that it was entitled to an additional $2,648.27 as a result of the damage to its equipment. In support of this argument plaintiff points out that the portion of defendant's claim which had not been paid consisted of items of claimed damage which were not legally compensable and that, in any event, by accepting the check from the insurance company, defendant in effect agreed to accept the amount of such check in full settlement of its claim.

■ Whether or not defendant, in urging its claim, was assuming a legally defensible position is beside the point. The test of good faith is whether the debtor asserts a claim which he honestly believes to be valid, and not whether such claim is, as a matter of law or fact, a valid one. Industrial Life Ins. Co. v. Finley, 382 S.W. 2d 100 (Tex.Sup.1964); Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201 (1892); Burgamy v. Davis, 313 S.W.2d 365 (Tex.Civ. App.—Fort Worth 1958, no writ).

■ It avails plaintiff nothing to insist that its claim was "liquidated" and that defendant paid no more than the amount which, even under defendant's theory, was concededly due plaintiff. A liquidated claim due a creditor is rendered "unliquidated," for purposes of the application of accord and satisfaction, when the debtor in good faith asserts a disputed counter-claim or set-off, and in such a case an accord and satisfaction may result from the payment by the debtor of an amount less than the creditor's claim and no greater than the amount which the debtor concedes to be due. Although there is authority to the contrary, this is the view followed in Texas and in the majority of American jurisdictions. Industrial Life Ins. Co. v. Finley, 382 S.W.2d 100 (Tex. 1964); Powers v. Harris, 42 Tex.Civ.App. 250, 94 S.W. 136 (Tex.Civ.App.—San Antonio 1906, no writ); Anno: 53 A.L.R. 768 (1928).

Plaintiff complains of the failure of the trial court to find (1) that officers of de-

nized in this state and must be enforced in a proper case." Baker v. Coleman Abstract Co., 248 S.W. 412, 414 (Tex.Civ. App.—Austin 1923, no writ).

3. Many exceptions have been drawn and many fine distinctions have been made. It is not surprising that some of these exceptions and distinctions go back to Lord Coke. "It appears to the judges that by no possibility can a lesser sum be a satisfaction to the plaintiff for a greater sum; but the gift of a horse, hawk or robe, etc., in satisfaction is good * * *." Pinnel's Case, 5 Coke

117a (1602). "Why may one accept a horse worth one hundred dollars in full satisfaction of a promissory note for one thousand dollars, and be bound thereby, and yet not be legally bound by his agreement to accept nine hundred and ninety-nine dollars and his actual acceptance of it, in full satisfaction of the one thousand dollar note?" Clayton v. Clark, 74 Miss. 499, 22 So. 189, 37 L.R.A. 771 (1896). Several of the exceptions recognized in Texas, including that of the "horse, hawk or robe," are enumerated in Comment, 6 Tex.L.Rev. 377 (1928).

fendant, prior to delivery of the November 23, 1965, check, assured Mr. Choate that something would be done about defendant's claimed offset; and (2) that plaintiff at all times protested the right of defendant to off-set its claim for damage.

As already pointed out, plaintiff's version of the nature of Choate's discussion with representatives of defendant is not in agreement with testimony produced by defendant. There is no basis for holding that the trial court erred in deciding that defendant's version was true.

The failure of the trial court to find that plaintiff consistently disputed defendant's right of offset is of no importance. Such a finding would not require a different judgment, since it would do no more than help establish the existence of a dispute. The trial court's judgment is not based on the fact that plaintiff agreed that defendant was entitled to the additional $2,648.27.

The judgment of the trial court is affirmed.